**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| VICTORIA A. BLAYLOCK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:21-cv-00118 |
| MIDLAND CREDIT MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes VICTORIA A. BLAYLOCK ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing in Richmond, Texas, which lies within the Southern District of Tecas.

5.   Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the state of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Comenity Capital Bank ("Comenity").

8.   The subject debt stems from personal purchases Plaintiff made on a Comenity credit card.

9.    In an attempt to collect the subject debt, Defendant sent a collection letter to Plaintiff on or about December 22, 2020.

10.  Upon information and belief, the collection letter was the first written communication Plaintiff received from Defendant.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11.   The collection letter identifies the subject debt, outlines the current balance, and states that Defendant would like to offer Plaintiff an opportunity to resolve the account with no further letters or phone calls.

12.   As such, the collection letter was required to contain certain information about the subject debt, including an explicit disclosure and identification of the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

13.   However, the collection letter fails to clearly indicate the creditor to whom the subject debt was owed at the time the collection letter was sent.

14.   Defendant's collection letter informed Plaintiff that Defendant had purchased and thus owned the account; that Comenity was the original creditor; yet failed to identify any entity as the "current creditor."

15.   As such, Plaintiff was left confused as to precisely to-whom the subject debt was owed, as Defendant's use of words of "ownership" failed to confirm to Plaintiff that paying Defendant would be the proper course of action in response to Defendant's collection letter.

16.   As such, the collection letter does not identify the name of the creditor to whom the subject debt is owed with sufficient specificity as required by § 1692g(a)(2).

17.   As such, Defendant's collection letter leaves open questions as to whether the subject debt was owed to Comenity at the time the collection letter was sent, or whether the subject debt was owed to Defendant.

18.   As circuit courts have found, letters substantially similar to Defendant's and the deficient identification of the creditor to whom a particular debt is owed violates the FDCPA as a matter of law. *Steffek v. Client Servs.,* 948 F.3d 761 (7th Cir. 2020).

19.   Simply put, Defendant's collection letter imputes an unacceptable amount of guesswork on the part of Plaintiff and the least sophisticated consumer to go about determining precisely to whom the subject debt was owed.

20.   Confused by the nature of Defendants' collection letter, Plaintiffs spent time and expended resources addressing Defendant's conduct.

21.   In addition, Plaintiff was further confused by the representation in the collection letter that Defendant was not obligated to renew any offers provided, as the collection letter does not specify the nature of any offers it was providing.

22.   At the end of the body of Defendant's collection letter, after the signature of "Tim Bolin, Division Manager," Defendant's collection letter states "We are not obligated to renew any offers provided."

23.   The collection letter further states that Plaintiff was to call Defendant by February 5, 2021.

24.   Defendant's statement was confusing and misleading to Plaintiff, as she was confused and misled as to what precise offers Defendant would purportedly not be obligated to renew.

25.   The collection letter makes no mention of any specific time sensitive "offer" that would have been available to Plaintiff that Defendant would subsequently have no obligation to renew.

26.   As such, Plaintiff was left wondering and guessing about what offer Defendant would have no obligation to renew given the lack of specificity as to the parameters of any offers purportedly provided.

27.   The only presumable offer would be Defendant's offer to cease collection on the account if Plaintiff paid the subject debt.

28.   Defendant's statement, then, led Plaintiff to wonder whether Defendant was under no obligation to renew its offer to cease collection if Plaintiff paid the subject debt in full.

29.   However, Defendant inherently would be obligated to cease collection of the subject debt in the event Plaintiff resolved the debt with Defendant.

30.   As such, Defendant's collection letter suggested to Plaintiff that, unless she sought to resolve the subject debt with Defendant by February 5, 2021 (a date referenced in the letter), she would lose the opportunity to resolve the debt in a manner that would result in the cessation of Defendant's collection efforts.

31.   The use of such language, rather than clarifying to Plaintiff that her ability to pay the debt would be available down the line, instead increased the pressure on Plaintiff to react to Defendant's collection letter promptly, instilling a false and undue sense of urgency in Plaintiff.

32.   Defendant's use of the "safe harbor" language courts have approved when debt collectors offer time sensitive offers, in the context of the collection letter it sent to Plaintiff, impermissibly confused and misled Plaintiff as to the nature of extent of what offers would not have to be renewed by Defendant, and further whether Defendant was obligated to cease collecting on the subject debt in the event Plaintiff made payment.

33.   In short, Defendant's collection letter impermissibly confused and misled Plaintiff about what offers would or would not be available to Plaintiff, as well as when or whether Plaintiff would be able to avail herself of whatever offer(s) Defendant was representing in its letter.

34.   Confused, frustrated, and distraught with the nature of Defendant's collection letters, Plaintiff sought counsel to get information regarding her rights and to determine the propriety of Defendant's conduct, resulting in lost time created by Defendant's conduct.

35.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, confusion, aggravation, lost time, and a violation of her state and

federally protected substantive interests to be provided non-deceptive and fair communications

when being sought after for a purported consumer obligation.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

36. Plaintiff repeats and alleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

38. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly

uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

39. Defendant is engaged in the business of collecting or attempting to collect, directly or

indirectly, defaulted debts owed or due or asserted to be owed or due to others.

40. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction

due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of the FDCPA § 1692e**

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any

debt."

42. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

43. Defendant violated §§ 1692e, e(2)(A), and e(10) through its misleading and confusing

statements in its collection letter. It was deceptive and misleading for Defendant to state that it was

not obligated to renew any offers, when the collection letter made no offers at all. Defendant's

attempt to use safe harbor language in a situation where it was completely inapplicable only served

to mislead and confuse Plaintiff. Rather than clarify to Plaintiff the nature and contour of Defendant's "offers," Defendant's collection letter instead created impermissible confusion and gives rise to a number of different reasonable interpretations as to the nature of Defendant's collection efforts, at least one of which would be inaccurate.

44. Defendant further violated § 1692e and e(10) through its failure to clearly identify the creditor to whom the subject debt was owned in the collection letter. Defendant's collection letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's collection letter impermissibly fails to clarify whether the subject debt is owed to Comenity, or whether it was owed to Defendant, instead interjecting confusing representations to Comenity as a creditor and Defendant as an owner. Collection letters substantially similar to Defendant's have been found to violate the FDCPA as a matter of law. *Steffek v. Client Servs.,* 948 F.3d 761 (7th Cir. 2020).

### b. Violations of FDCPA § 1692g(a)(2)

45.  The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

46. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the Collection Letter identify who the current creditor is, further leaving open questions as to whether Defendant or Comenity was the creditor to whom the subject debt was owed at the time the collection letter was sent. Such conduct violates the FDCPA as a matter of law.

WHEREFORE, Plaintiff VICTORIA A. BLAYLOCK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

50. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.304**

51. The TDCA, pursuant to Tex. Fin. Code. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

52. Defendant violated § 392.304(19) through the deceptive and misleading nature of its collection letter. Defendant structured its letter in an effort to confuse Plaintiff as to what options to resolve the debt, if any, were being referenced in Defendant's collection letter. Upon information and belief, Defendant intentionally structured its letter to be confusing to Plaintiff and

8

consumers so as to prompt such consumers to contact Defendant with further questions about the

confusing nature of its collection correspondence.

53. Defendant further used such false and unfair representation(s) in order to dragoon Plaintiff

into making a full payment on the subject debt to avoid potentially losing the opportunity to resolve

the subject debt.

WHEREFORE, Plaintiff, VICTORIA A. BLAYLOCK, respectfully requests that this

Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the
    aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the
    underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. §
    392.403(b); and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: January 14, 2021                      Respectfully submitted,

                                             s/ Nathan C. Volheim (Lead Attorney)

                                             Nathan C. Volheim, Esq. #6302103
                                             Counsel for Plaintiff
                                             Admitted in the Southern District of Texas
                                             Sulaiman Law Group, Ltd.
                                              2500 South Highland Ave., Suite 200
                                             Lombard, Illinois 60148
                                             (630) 568-3056 (phone)
                                             (630) 575-8188 (fax)
                                             nvolheim@sulaimanlaw.com